IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | | |
|---|---|---|
| STEPHANIE R. WILSON | ) | PLAINTIFF |
| | ) | |
| VERSUS | ) | CIV. ACT NO.: 3:14-CV-140-MPM-SAA |
| | ) | |
| BOLIVAR COUNTY MISSISSIPPI (BOLIVAR COUNTY BOARD OF SUPERVISORS), BOLIVAR COUNTY REGIONAL CORRECTIONAL FACILITY And JOHN DOES 1-100 INCLUSIVE | ) | DEFENDANTS |

## COMPLAINT

This action is based on violations of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and to recover actual and punitive damages for wrongful termination, sexual harassment and discrimination based upon gender. Additionally, the suit is based upon retaliation for reporting and filing complaints of sexual harassment, hostile work environment and discrimination. The following facts support this action:

### JURISDICTION AND VENUE

**1**.

This Court has jurisdiction of the action under 42 U.S.C. §2000e-5(f), and 28 U.S.C. § 1345.

**2**.

Plaintiff, **STEPHANIE R. WILSON**, is an adult resident citizen of Rosedale, MS 38769, with a fixed address of 51 Locust Road.

**3**.

Defendant, **BOLIVAR COUNTY, MISSISSIPPI (BOLIVAR COUTNY BOARD OF SUPERVISORS)**, is a governmental entity located in the State of Mississippi, which process may be served upon, Will Hooker, County Administrator, 200 South Court Street, Cleveland, MS. 38732, and/or Brenett N. Haynes, Chancery Clerk, 200 South Court Street, Cleveland, MS 38732.

4.

Defendant, **BOLIVAR COUNTY REGIONAL CORRECTIONAL FACILITY** ("B.C.R.C.F."), is a political subdivision of Bolivar County, located in the State of Mississippi, which process may be served upon, Kevin Williams, Bolivar County Sheriff, 2792 Highway 8 West, Cleveland, MS 38732.

5.

The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as **JOHN DOES 1 through 100**, and each of them, are unknown to Plaintiff, who therefore, sues said Defendant by such fictitious names. Plaintiff will ask leave to amend this Complaint to state said Defendants' true identities and capacities when the same has been ascertained.

Plaintiff is informed and believes, and based thereupon alleges that each of the Defendants designated here as **JOHN DOE** took part in and participated with the Defendant in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by the Plaintiffs.

## CAUSE OF ACTION

6.

Plaintiff was hired as a full-time alcohol and drug counselor for Defendants, **("B.C.R.C.F.") and BOLIVAR COUNTY, et. al.**, on or about June 6, 2011. The then acting Sheriff of Bolivar County was H.M. "Mack" Grimmett.

7.

While an employee of Defendants, Plaintiff was subjected to sexual harassment on numerous occasions by Corrections Officer and employee of Defendants, Kerney Humphries. Sexual advances were repeatedly made towards Plaintiff by Mr. Humphries, with Mr. Humphries making physical contact with Plaintiff on more than one occasion.

8.

Plaintiff made reports of the sexual harassment she suffered at the hands of the fellow employee on each

occasion of the harassment. Plaintiff was advised that Mr. Humphries would be suspended, *with pay*, pending an investigation.

**9**.

On or about August 16, 2011, Plaintiff was advised that Mr. Humphries would resume his duties and would be assigned to work in an area separate from the area in which she worked. However, upon Mr. Humphries return on or about August 23, 2011, he continued to migrate to the area where Plaintiff worked and make unwanted advances towards Plaintiff.

**10**.

Again, Plaintiff reported the sexual harassment she continued to suffer at the hands of Mr. Humphries to Elmore Seller, Warden of B.C.R.C.F., on or about September 19, 2011. Plaintiff was again advised that her claims would be investigated and was directed to go home. However, no investigation was initiated and Plaintiff received a letter of termination on or about September 30, 2011 and dated September 26, 2011, claiming job abandonment (refer to *Exhibit "A"*, attached herein).

**11**.

Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") received a timely charge (EEOC Charge No. 423-2012-00502) on or about December 23, 2011(refer to *Exhibit "B"*, attached herein). Pursuant to Title VII, the EEOC investigated the charge, found reasonable cause to believe that Plaintiff was subjected to sexual harassment, discrimination and retaliation in violation Title VII, attempted unsuccessfully to achieve through conciliation a voluntary resolution of the charge (refer to *Exhibit "C"*, attached herein), and subsequently referred the matter to the U.S. Department of Justice (refer to *Exhibit "D"*, attached herein).

**12**.

Plaintiff was issued the Right to Sue on or about March 28, 2014 by the U.S. Department of Justice (refer to *Exhibit "E"*, attached herein).

**13**.

All conditions precedent to the filing of suit have been performed or have occurred.

**14**.

Defendants are liable under 42 U.S.C. § 1981 and under Title VII of the Civil Rights Act of 1964 to Plaintiff for:

    A. Gender Discrimination;

    B. Sexual Harassment;

    C. Failure to investigate and/or eliminate a sexually hostile work environment by violation of established policies of sexual harassment;

    D. Wrongful Termination; and

    E. Retaliation based on Plaintiff's opposition to discrimination and sexual harassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

(a) Enjoin Defendants from retaliating against employees who engage in activity protected under Title VII;

(b) Order Defendants to develop and implement appropriate and effective measures and procedures designed to manage acts of sexual harassment and gender discrimination and to prevent retaliation;

(c) Award make-whole remedial relief to Plaintiff, including back pay with interest, to compensate her for the loss she suffered as a result of Defendants' discriminatory acts and conduct as alleged in this Complaint;

(d) Award compensatory damages to Plaintiff to fully compensate her for the injuries caused by Defendants' discriminatory acts and conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

(e) Award Attorneys' fees and any such additional relief as justice may require, together with Plaintiff's costs and disbursements in this action.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

>Respectfully Submitted,
>
>**DANIEL E. MORRIS LAW FIRM, PLLC**.
>*Attorney for Plaintiff, Stephanie R. Wilson*
>
>
>By: */s/: Daniel E. Morris*_____
>**DANIEL E. MORRIS, (MSB No. 102723)**
>**Post Office Box 40811**
>**Baton Rouge, LA 70835**
>**Tel:   (662) 545-3175**
>**Fax:   (877) 966-7747**
>**Email: danielmorris@demlawfirm.com**