IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

STEPHANIE R. WILSON,                                                 PLAINTIFF

v.                                          CIVIL ACTION NO. : 4:14-CV-156-MPM-SAA

BOLIVAR COUNTY MISSISSIPPI (BOLIVAR
COUNTY BOARD OF SUPERVISORS), BOLIVAR
COUNTY REGIONAL CORRECTIONAL FACILITY
and JOHN DOES 1-100 INCLUSIVE,                         DEFENDANTS

**ORDER**

Plaintiff seeks an order deeming admitted the requests for admissions which she propounded to defendants under Rule 36 of the Federal Rules of Civil Procedure. Docket 42. On December 18, 2014, the same date as the Case Management Conference in this case, plaintiff filed a Notice of Service of written discovery, including her First Set of Requests for Admission to defendants, and sent copies of the requests via hand-delivery, email, and the court's electronic filing system. Docket 31. Defendants filed a Notice of Service of responses to requests for admissions on December 19, 2014. Docket 34. However, defense counsel acknowledges that even though counsel filed the Notice of Service, the actual responses themselves apparently were not delivered to plaintiff's counsel. Docket 43, p. 2. Due to a national holiday, defendants' responses were due January 20, 2015. The plaintiff filed the present motion to deem the requests admitted on February 27, 2011 when the defendants still had not sent written responses to the requests by that date. Plaintiff has also filed a Motion to Strike the defendants' Notice of Service of the responses to requests for admissions. Docket 49.

Defendants have responded to the motions, and although they acknowledge that the written responses were not served on plaintiff's counsel, and facially these requests for admissions ordinarily would be deemed admitted, they request that the motion be denied because the failure was attributable to honest error and mistake. Docket 43, p. 2. Defendants also filed an affirmative Motion to Withdraw Admissions and allow response to the requests. Docket 44. In support of this argument, defense counsel notes that his office sent requests to plaintiff's counsel via email on January 14 and February 2, 2015 – before the expiration of the 30-day deadline for response – to request additional time to serve defendants' answers and responses to plaintiff's interrogatories and requests for production of documents, but did not include a request for extension of time to respond to requests for admissions. Docket 43, p. 3.

Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, requests for admission are deemed admitted if not answered within thirty days. Although the Rule is a stringent one, subsection (b) provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits
> . . . .

Fed. R. Civ. P. 36(b). The undersigned finds that the defendants' failure to timely serve their responses was indeed attributable to honest error and mistake. Moreover, allowing defendants' belated response to the requests for admission without question will promote the presentation of the merits of the action. The plaintiff will not be prejudiced by an order allowing the defendants to respond and withdraw their admissions. The peculiar circumstances and relative equities

presented by this situation justify denial of the motion. Accordingly, the plaintiff's motion to deem defendants' responses to plaintiff's set of requests for admissions as admitted is DENIED.

SO ORDERED, this the 16th day of March, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE