# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**STEPHANIE R. WILSON**                                              **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 4:14-cv-00156-MPM-SAA**

**BOLIVAR COUNTY, MISSISSIPPI, ET. AL.**                       **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This matter comes before the Court for the consideration on the *Motion for Attorneys' Fees and Costs Under Title VII* (the "Motion") [68][69], filed on October 9, 2015, by plaintiff Stephanie R. Wilson (the "Plaintiff"). On November 6, 2015, defendants Bolivar County, Mississippi, *et al*. (the "Defendants") filed their *Response in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs* (the "Response") [72][73]. The *Plaintiff's Rebuttal to Defendants' Opposition to Plaintiff's Motion for Attorneys' Fees and Costs Under Title VII* (the "Rebuttal") [74] was thereafter filed on November 16, 2015. The Court has considered the Motion, Response, and Rebuttal, as well as the relevant law and intervening filings by the parties, and concludes that the Motion is due to be denied.

### I.    FACTUAL BACKGROUND

This case was commenced with the filing of the *Complaint* on June 24, 2014, wherein Plaintiff alleged violations of the provisions of Title VII of the Civil Rights Act of 1964 and sought to recover both actual and punitive damages for wrongful termination, sexual harassment, and gender discrimination. [1]. Additionally, Plaintiff claimed that she suffered retaliation from the Defendants for reporting and filing complaints of sexual harassment, hostile work environment, and discrimination. [1].

Over the course of the following year, the parties engaged in the initial litigation process. On August 28, 2015, however, Plaintiff filed with the Court a *Notice of Acceptance of Defendants' Offer of Judgment to the Plaintiff* [64] pursuant to Rule 68 of the Federal Rules of Civil Procedure.[1] On September 25, 2015, the Court entered an *Order of Judgment* (the "Judgment")[67], with terms pursuant to the Federal Rules of Civil Procedure Rule 68. Paragraph (1) of the Judgment read as follows:

> BCM [Defendants] shall cause to be paid to Plaintiff, Stephanie R. Wilson, the Sum of Ten thousand and no one hundred dollars ($10,000.00), *inclusive of all claims including attorney's fees accrued to date under the Civil Rights Attorneys Fees Awards Act, 42 U.S.C. §1988*, and costs accrued to date.

(the "Offer of Judgment")[67] (emphasis supplied).

Paragraph 3 of the Judgment further provides:

> This offer is conditioned upon its acceptance in writing by plaintiff. The above constitutes the entirety of this Offer of Judgment and BCM believes in good faith that the plaintiff's rights under Title VII of the 1964 Civil Right Act have not been violated by any act, omission, policy, custom or practice of BCM. The monetary offer set forth in the first numbered paragraph of this Offer of Judgment is being made and paid from BCM funds and not from any insurance carrier, pursuant to a policy of insurance coverage.

*Id*.

On September 2, 2015, the case was dismissed without prejudice by reason of settlement [65]. On October 9, 2015, Plaintiff filed the present Motion, requesting an award of $45,750.00 for attorneys' fees, and $467.80 for expenses. The amounts requested were in addition to the $10,000.00 figure agreed upon in the Offer of Judgment.

On November 6, 2015, Defendants filed their Response, asserting that (1) the Motion for Attorneys' Fees is due to be denied as such costs have already been accounted for and included

---

[1] On September 17, 2015, Plaintiff filed a *Motion to Amend Notice of Acceptance of Offer of Judgment and for Entry of Final Judgment and Supporting Documents*. [66]. This Motion did not change the substance of the previously filed Notice of Acceptance, but requested the Court to enter judgment against the Defendants.

in the Offer of Judgment, (2) alternatively, the motion should be denied for Plaintiff's failure to disclose this unliquidated claim in her bankruptcy case, and (3) even if the Court were to conclude that Plaintiff was entitled to additional attorneys' fees, that the amount requested was unreasonable. [72][73]. On November 16, 2015, Plaintiff filed her Rebuttal, asserting that the Defendants' offer was silent as to attorney's fees and costs as accrued under Title VII, and instead only included fees and costs as accrued under the Civil Right Attorney's Fees Awards Act. 42 U.S.C. § 1988.[2]

## II. CONCLUSIONS OF LAW

Before adjudicating the merits of the Motion, the Court finds it prudent to briefly address the underlying litigation tool used by the parties – a Rule 68 Offer of Judgment. As stated in Rule 68, subsection (a):

> (a) At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow *judgment on specified terms, with the costs then accrued*. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

FED. R. CIV. P. 68 (emphasis supplied). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 3014, 87 L. Ed. 2d 1 (1985) (citing Advisory Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 483 n. 1 (1946), 28 U.S.C.App., p. 637; *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981)).

Offers of judgment specifically allow for the inclusion of fees and costs such as those sought in the present motion. Relevant case law is also sufficiently clear, however, that when the

---

[2] Defendant filed a Motion to Strike the Rebuttal [75] on the grounds that Plaintiff improperly raised arguments not contained in the Motion, but such Motion was denied by the Court [84].

3

offer of judgment is silent and/or ambiguous as to attorney's fees, a plaintiff may pursue such fees and costs after an offer is accepted. *See, e.g., Marek*, 473 U.S. at 6, 105 S. Ct. at 3015 (holding that "…if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which is in its discretion."); *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 694 (7th Cir. 2013) (same); *Lima v. Newark Police Dept.*, 658 F.3d 324 (3rd Cir. 2011) (same); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1243 (11th Cir. 2002) (same). Ambiguity is resolved against the offeror. *Sanchez*, 709 F.3d at 694.

A. Parties' Arguments

Despite the fact that the text of the Judgment explicitly states, "the Sum of Ten thousand and no one hundred dollars ($10,000.00), *inclusive of all claims including attorney's fees accrued to date* under the Civil Rights Attorneys Fees Awards Act, 42 U.S.C. §1988, and costs accrued to date," Plaintiff files the present Motion, claiming additional fees are due. The foundation for Plaintiff's claims for costs and fees are not entirely evident from a reading of the Motion and supporting memorandum. Plaintiff asserts that she is moving for costs and fees pursuant to the provisions of Title VII of the Civil Rights Act of 1964, and states that these attorney's fees and costs were not determined through the Offer of Judgment. Outside of this conclusory statement, Plaintiff initially fails to address the fact that the Judgment contained language ostensibly making clear that at least some fees and costs were included in the offer amount. Rather, Plaintiff's Motion is directed towards assessing the fees requested under the lodestar framework. Unsurprisingly, Defendants' Response to the Motion is best-characterized by their insistence that attorney's fees and costs were unequivocally accounted for in the offer. Defendants squarely reject Plaintiff's assertions that such fees were not considered.

4

It was not until Defendants filed their Response in objection, and Plaintiff filed her Rebuttal, that Plaintiff clarified her legal position. The crux of Plaintiff's argument that the offer was silent or ambiguous as to attorney's fees is as follows:

> In the present case, Defendant's Rule 68 Offer of Judgment submitted to plaintiff is silent and ambiguous as to those attorney's fees and costs accrued under Title VII. Defendant limited the scope of their offer of judgment by explicitly stating that the offer was inclusive of all claims including attorney's fees and costs accrued under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. §1988 and fails to specify and/or include any and all attorney's fees and costs accrued under Title VII.

[74].

Plaintiff goes on to point out that:

> Claims falling under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. §1988 are limited to 1981, 1981a, 1982, 1983, 1985, and 1986, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 1981 and attorney's fees may be awarded to the prevailing party. Title VII also contains its own clause for the award of attorney's fees.

[74].

In short, under Plaintiff's interpretation, she is still entitled to seek attorneys' fees and costs as the Judgment only considers §1988 fees, and not Title VII fees. In doing so, Plaintiff relies on a body of well-established case law which mandates that Rule 68 attorneys' fees and costs ambiguity be construed against defendants. *See, e.g., Sanchez*, 709 F.3d at 692 (holding that the offering defendant bears the burden of any silence or ambiguity concerning attorney fees.).

Plaintiff further asserts that

> Defendants, <u>to date</u>, have not tendered the judgment amount of ($10,000.00) to be paid to Plaintiff, but have withheld said funds and demanded that Plaintiff sign a release for said funds, which includes a clause, releasing Defendants from any

> liability and claims under Title VII. Defendants had their one bite at the apple, to adequately construct their Rule 68 offer and failed. Defendants attempt at another bite of the apple, in trying to force Plaintiff to sign said release, evidence that their Rule 68 Offer of Judgment was not inclusive of claims, fees and costs accrued under Title VII. Thereby, proving that Plaintiff's claims for attorney's fees and costs under Title VII are not precluded by Defendants' offer of judgment.

[74].[3]

As stated above, Defendants strenuously object to Plaintiff's attempts to recover additional fees and costs beyond those already provided for in the Offer of Judgment. Defendants deny owing additional fees or costs, stating that the Offer of Judgment specifically provides for such amounts, and Plaintiff is therefore estopped from pursuing additional fees. Similarly, Defendants assert that Plaintiff's acceptance of the Offer of Judgment judicially estops Plaintiff from recovery under Title VII. Defendants contend that even if the Court were to find that the Plaintiff may pursue additional fees and costs, that such amounts calculated by the Plaintiff are inappropriately high when adjudged under the lodestar method, and that Plaintiff lacks the necessary evidentiary support to justify the amounts requested. Finally, Defendants assert that Plaintiff failed to disclose this contingent and unliquidated claim on her bankruptcy schedules, thereby precluding her from any recovery in this Court.

B. Rule 68 and Attorney Fees

The validity and legitimacy of the Motion centers on whether the Offer of Judgment unambiguously includes attorneys' fees and costs. In making that determination, a court should bear in mind that "such offers and their acceptance involve nothing more than applying the basic principles of contract law." *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 565 (6th Cir. 2004); *Basha v. Mitsubishi Motor Credit of America, Inc.*, 336 F.3d 451, 453 (5th Cir. 2003)

---

[3] The other issues and arguments raised in Plaintiff's Rebuttal – including the reasonableness of proposed attorney's fees, and certain bankruptcy issues - will be addressed separately, below, insofar as necessary for resolution of the Motion.

(citing *Radecki v. Amoco Oil Co.*, 858 F.3d 397, 400 (8th Cir. 1988); *Johnson v. University College of the Univ. of Alabama*, 706 F.2d 1205, 1209 (11th Cir. 1983)). Accordingly, this Court begins by looking to the plain language of the contract. In conducting this analysis, the Court will look at two major provisions of the Offer of Judgment – paragraph 1 and paragraph 3 – evaluating each paragraph independently.

1. Paragraph 1

As previously stated, Defendants' Rule 68 offer explicitly states in paragraph 1 that the offer of $10,000 was "*inclusive of all claims including attorney's fees accrued to date under the Civil Rights Attorneys Fee Award Act, 42 U.S.C. § 1988* and costs accrued to date." When an offer of judgment unambiguously includes attorneys' fees, the effect will be to bar the plaintiff who accepts it from seeking additional attorneys' fees under the relevant statute (or as "costs then accrued"). *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1243 (11th Cir. 2002). Accordingly, as to fees and costs under § 1988, there is no question that they are provided for in the Judgment. The plain reading is so patently clear that no claims of ambiguity can stand. Therefore, the only ground on which Plaintiff may succeed is her claim that she is entitled to additional fees and costs under Title VII.

Considering next the question of whether the Plaintiff is entitled to fees and costs under Title VII, the Court is not persuaded by Plaintiff's arguments, and finds that the Plaintiff is limited to those expressly provided for in the Offer of Judgment. The body of well-established case law on which Plaintiff relies is factually-distinguishable from the case at hand. In those cases – standing for the proposition that ambiguity concerning fees and costs should be resolved in favor of the Plaintiff - the offers of judgment in question were *truly* silent as to the issue. For example, in *Sanchez*, the Seventh Circuit case most heavily relied upon by Plaintiff, the

defendant's offer of judgment simply stated that it included "all of Plaintiff's claims for relief" but made no specific mention of costs or attorney fees. *Sanchez*, 709 F.3d at 690. The *Sanchez* court concluded that although the Plaintiff had sought attorneys' fees in her complaint, because the offer did not mention fees or costs, or specify where employee's "claims for relief" were to be found, enough ambiguity existed to allow plaintiff to seek additional fees and costs. *Id.* at 693.

Similarly, in *Webb v. James*, 147 F.3d 617 (7th Cir. 1998) (also relied upon by the Plaintiff), the Seventh Circuit Court of Appeals held that where defendants' accepted offer of judgment was silent regarding costs and fees, the district court had discretion to award an additional amount as costs and (because plaintiff was prevailing party in his ADA claim) fees as well. *Id.* at 623. Again, however, the offer of judgment in *Webb* made no mention of fees and costs *at all* – making the case factually distinguishable from the present case, where the offer of judgment did include attorney's fees and costs, but only offered them in regards to § 1988, and not pursuant to Title VII.[4] Furthermore, in *Webb,* the Seventh Circuit held that "defendants should bear the burden of the ambiguity created by their silence on fees," and that a plaintiff should not be made to guess what the offer includes when asked to consider a Rule 68 offer. As interpreted and explained by a fellow district court, "[i]t is clear that Plaintiff's acceptance of Defendant's offer is not controlling unless the offer is unambiguous; only then would Plaintiff's acceptance preclude post-judgment recovery of costs and attorney's fees." *Aynes v. Space Guard Products, Inc*., 201 F.R.D. 445, 448 (S.D. Ind. 2001). In the present case, the Plaintiff was not

---

[4] The offer of judgment in *Webb* read as follows:

> The Defendants, Dick James and Dick James Ford, Inc., by their attorneys, Steven C. Wolf and Victoria A. Barnes, hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68.

*Webb*, 147 F.3d at 619.

forced to guess what the offer included, as is clearly stated on its face that it included certain and specific attorneys' fees and costs.

To reiterate, Rule 68 Offers of Judgment are interpreted using the same principles and rules applicable to contract interpretation. *Basha*, 336 F.3d at 453 (citing *Radecki v. Amoco Oil Co.*, 858 F.3d 397, 400 (8th Cir. 1988); *Johnson*, 706 F.2d at 1209. Here, as in *Basha*, the Offer of Judgment did contemplate and encompass fees and costs (of some type) and therefore is not ambiguous. Considering the doctrine of interpretation "*expression unius est exclusion alterius*" – i.e., "the expression of one is the exclusion of others"[5] – this Court finds that the inclusion of certain attorneys' fees and costs implies "the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168, 123 S. Ct. 748, 760, 154 L. Ed. 2d 653 (2003). That is all to say that although the Offer of Judgment may have been silent as to Title VII fees and costs, the inclusion of §1988 fees and costs should have been interpreted as meaning that the Defendants *did* contemplate fees and costs, but chose to only offer those presented. Plaintiff's counsel is an experienced and accomplished attorney, no doubt familiar with such rules of interpretation, and should have anticipated, if not expected, such an interpretation. There is no basis for this Court to deviate from the plain language of defendants' Rule 68 Offer in order to grant Plaintiff an award of additional attorney's fees over and above that which she accepted as a component of Defendants' Rule 68 Offer.

As to the issue of costs, the Court is similarly of the mind that the Offer of Judgment expressly provided for costs, and that the Plaintiff is not entitled to any additional amounts.

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an

---

[5] *Rosenstein v. City of Dallas, Tex.*, 901 F.2d 61, fn. 2 (5th Cir. 1990).

additional amount which in its discretion it determines to be sufficient to cover the costs.

*Marek*, 473 U.S. at 6 (internal citation omitted). An offer of judgment which either expressly states that the lump-sum offered is inclusive of costs, or which allocates a specific monetary amount to costs, clearly makes costs part of the amount offered. For the reasons already discussed above, the Court finds that the language of the Offer of Judgment is clear – in regards to both fees and costs – and that the Plaintiff is not entitled to additional amounts. Such a conclusion is supported by relevant and persuasive case law wherein similar language has been held sufficient to bar an award of costs over and above the amount of the judgment offered. See, e.g., *Blumel v. Mylander*, 165 F.R.D. 113, 116 (M.D. Fla. 1996) (discussing *Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.*, 902 F.Supp. 224 (M.D. Fla. 1995)); *Basha*, 53 Fed. R. Serv. 3d 52, at *4 (E.D. La. 2002) *aff'd*, 336 F.3d 451 (5th Cir. 2003).

    2. Paragraph 3

Paragraph 3 of the Offer of Judgment is perhaps the most instructive provision on the question of attorneys' fees and costs under Title VII. Paragraph 3 reads as follows:

> (3) This offer is conditioned upon its acceptance in writing by plaintiff.[6] The above constitutes the entirety of this Offer of Judgment and BCM believes in good faith that *the plaintiff's rights under Title VII of the 1964 Civil Right Act have not been violated by any act, omission, policy, custom or practice of BCM.* The monetary offer set forth in the first numbered paragraph of this Offer of Judgment is being made and paid from BCM funds and not from any insurance carrier, pursuant to a policy of insurance coverage.

[67] (emphasis supplied).

---

[6] Plaintiff's Notice of Acceptance of Offer of Judgment was filed with the Court on August 28, 2015. [64]. On September 17, 2015, Plaintiff filed her *First Motion to Amend Notice of Acceptance of Offer of Judgment and for Entry of Final Judgment and Supporting Documents* (the "Motion to Amend") [66]. Included with the Motion to Amend was Defendant's Offer of Judgment (including the above-cited portion) [66, Ex. A], Plaintiff's signed Acceptance of the Offer of Judgment [66, Ex. B], and the Proposed Judgment (later entered by the Court on September 25, 2015) [66, Ex. C].

"To be eligible for attorney's fees and costs under § 2000e-5(k), a plaintiff (or a defendant) must be a 'prevailing party.' " *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(k)).

> [T]o qualify as a prevailing party, a civil rights plaintiff must ... obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit [her] at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to "affec[t] the behavior of the defendant toward the plaintiff." *Rhodes* [*v. Stewart,* 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) ]. Only under these circumstances can civil rights litigation effect the material alteration of the legal relationship of the parties and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

*Farrar v. Hobby*, 506 U.S. 103, 111-112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (internal quotation and additional citations omitted) (third alteration in original).

Although the Plaintiff prevailed on her § 1983 claims, Plaintiff concedes – by acceptance of the terms of the Offer of Judgment – that she does not succeed on the Title VII claims. No portion of the $10,000.00 Offer of Judgment is allocated for wrongs committed under Title VII, and paragraph 3 specifically disavows liability under Title VII. Accordingly, Plaintiff is not a "prevailing party" for purposes of Title VII, but only under § 1983, and therefore precluded from additional fees and costs.[7]

---

[7] Because Title VII expressly includes attorney's fees in its definition of "costs", Plaintiff's August 28, 2015 acceptance of defendants' Rule 68 Offer settled her claim for damages and her right to attorney's fees under Title VII. See 42 U.S.C. § 2000(e) - 5(k)(2009). *Marek* held that the term "costs"

> was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

*Id.*, 105 S.Ct. at 3016.

Lastly, it is worth noting that Rule 68 offers of judgment are, in part, intended to afford parties an opportunity to have some control over their potential liability and/or exposure in situations where a Plaintiff is likely to recover an unknown amount. *See Delta Air Lines,* 450 U.S. at 352, 101 S. Ct. at 1150. That purpose is defeated if a court abandons a plain interpretation of an offer of judgment terms, and instead imposes a recovery for an amount which significantly departs from otherwise plain and clear terms. As stated by the court in *Marek*, "[i]f defendants [were] not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers." *Marek*, 473 U.S. at 6-7.

That concern is particularly well highlighted in the present case, where Plaintiff seeks attorneys' fees and costs in an amount almost five times the amount included in the Offer of Judgment. Allowing such a recovery, where there appears to be neither statutory nor case law precedent for it, would be antithetical to a purpose of Rule 68.

Further, that the Plaintiff accepted the Offer of Judgment under the offered terms, but now seeks additional fees under Title VII, strikes this Court has playing "gotcha" – a litigation technique of which this Court does not approve nor upon which does it look favorably. Such tactics betray the presumption of fair dealing and honesty, and have the potential chilling effect of discouraging use of Rule 68 to avoid costly and prolonged litigation.

C. Reasonableness of Attorneys' Fees Requested

Having found that Plaintiff's recovery for attorneys' fees and costs is limited to the $10,000.00 amount specifically provided for in the accepted Offer of Judgment, the Court declines to address Defendants' claims that the Plaintiff's counsel's hourly rate is unreasonable.

The issue is moot in light of the above-analysis and conclusions. However, the Court will note that had it reached this question, it would most likely agree with the Defendants that the Motion and supporting documentation fail to provide sufficient evidence on several matters needed to determine whether such amounts were appropriate.

   D. Defendants' Bankruptcy Arguments

In their Response, Defendants assert certain additional arguments regarding Plaintiff's ability to recover from this suit, given her failure to include the contingent, unliquidated claim in her bankruptcy schedules. This Court does not dispute Defendants' assertion that "[c]ontingent, unliquidated personal injury claims arising from pre-petition accidents or injuries constitute property of a debtor's bankruptcy estate." [73] (citing *Matter of Wischan*, 77 F. 3d 875, 877 (5th Cir. 1996)); nor that the Fifth Circuit has, under certain circumstances, barred recovery on personal injury claims arising from pre-petition accidents where the debtor (in this case, the Plaintiff), failed to include those potential claims on his or her bankruptcy schedules. *In Re Superior Crewboats, Inc.*, 374 F. 3d 330, 336 (5th Cir. 2004). The Court also agrees that, upon review of the Plaintiff's Summary of Schedules [72, Ex. 4 and 5] submitted by the Defendants, it appears that Plaintiff failed to include this lawsuit as a potential claim on her Schedules.

First, it is not entirely clear from the parties' pleadings if Defendants are claiming that Plaintiff is not entitled to any amount of recovery, or only those amounts above and beyond the $10,000.00 included in the Offer of Judgment. That question aside, this Court's concern with Defendants' bankruptcy-based arguments is that it questions whether or not this is the appropriate forum for such claims. Pursuant to the governing rules and procedures of bankruptcy, it is from the Bankruptcy Court that parties (presumably having already obtained permission to pursue outside litigation), seek approval of settlement/compromise. Such approval

of an outside settlement is necessary should a plaintiff-debtor wish to recover from that suit. Further, how any recovery is disbursed among the parties and persons is within the province of the bankruptcy court.

This Court does not seek to usurp the legal and factual questions that are properly within the jurisdiction of the bankruptcy court. Accordingly, insofar as Defendants are asserting that Plaintiff is not entitled to any recovery – including the $10,000.00 – the Court finds that question to be within the jurisdiction of the bankruptcy court, to presumably be settled upon the filing of any motion for approval of compromise or settlement. To the extent that Defendants' arguments pertain to the amounts requested in the Motion (above the $10,000.00 included in the Offer of Judgment), the Court finds the issue moot, as it has determined the Plaintiff not entitled to additional attorneys' fees and costs.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff is not entitled to any additional attorneys' fees and/or costs as requested in the Motion. The case and statutory law pertaining to offers of judgments dictate a finding that the Offer of Judgment unambiguously included such fees and costs, such that further recovery is foreclosed. Accordingly, it is hereby,

ORDERED that the Motion for Attorneys' Fees and Costs [68] is DENIED.

SO ORDERED this the 27th day of June, 2016.

*/s/* **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**